Yang v. Barr

BIA
Cohen, IJ
A205 886 942

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand twenty.

PRESENT:
> DENNIS JACOBS,
> JOSÉ A. CABRANES,
> DENNY CHIN,
> *Circuit Judges.*

_____

XIAO LONG YANG,
> *Petitioner,*

v.                                                      18-3512
                                                        NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:              Xiao Long Yang, pro se, New York, NY.

FOR RESPONDENT:              Jeffrey Bossert Clark, Acting Assistant Attorney General; Liza S. Murcia, Senior Litigation

Counsel; Kathleen Kelly Volkert, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiao Long Yang, a native and citizen of the People's Republic of China, seeks review of an October 24, 2018, decision of the BIA affirming a November 3, 2017, decision of an Immigration Judge ("IJ") denying Yang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiao Long Yang,* No. A 205 886 942 (B.I.A. Oct. 24, 2018), *aff'g* No. A 205 886 942 (Immig. Ct. N.Y. City Nov. 3, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered the IJ's decision as supplemented and modified by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Because the BIA denied relief solely based on a failure to show a nexus to a protected ground, we address only that dispositive determination and do not

address Yang's arguments regarding the IJ's corroboration finding. *Id.* The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282-83 (2d Cir. 2006).

To be eligible for asylum, an applicant must show that he has suffered past persecution, or has a well-founded fear of future persecution, on account of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42) (defining "refugee"), 1158(b) (giving Attorney General discretion to grant certain refugees asylum). To establish persecution on account of a political opinion, an . . . applicant must show that the persecution arises from his or her own actual or imputed political opinion." *Koudriachova v. Gonzales*, 490 F.3d 255, 263 (2d Cir. 2007). The persecutor must act from more than a "generalized political motive," *INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992); rather, the applicant must show, "through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief," *Yueqing Zhang v. Gonzales*, 426

3

F.3d 540, 545 (2d Cir. 2005).

Under certain circumstances, opposition to government corruption may constitute a political opinion for purposes of asylum. *See Castro v. Holder*, 597 F.3d 93, 100–01 (2d Cir. 2010). Opposing corruption for purely self-interested reasons may lack the requisite political motivation, whereas "opposition to endemic corruption . . . may have a political dimension when it transcends mere self-protection and represents a challenge to the legitimacy or authority of the ruling regime." *Yueqing Zhang*, 426 F.3d at 547–48.

In this case, the agency reasonably concluded that Yang failed to establish that he was targeted by the government on account of a political opinion or imputed political opinion. Yang failed to demonstrate his motivation transcended his own self-interest. *Id.* Yang testified that he protested on one occasion to obtain his father's release from detention following a land dispute; he did not allege or establish that he was attempting to expose endemic corruption or challenge the government's general authority or legitimacy. *Cf. id.* at 547 (finding nexus to political opinion where petitioner organized other business owners to "publicize and criticize

4

endemic corruption extending beyond his own case"); *Ruqiang Yu v. Holder*, 693 F.3d 294, 299 (2d Cir. 2012) (finding supportive of nexus that petitioner intervened on behalf of fellow workers to protest state-sponsored wage theft and his stated motivation was not to recoup his own wages but to help others).

The agency also reasonably concluded that Yang failed to establish that the government had imputed a political opinion to him. *See Yueqing Zhang*, 426 F.3d at 545 (asylum applicants are required to show the persecutor's motive through direct or circumstantial evidence); *Elias-Zacarias*, 502 U.S. at 482 (asylum applicant must show more than persecutor acting from "generalized political motive"). Chinese officials allowed Yang to protest unmolested for three hours and arrested him only after he and his group stormed a government building. Yang conceded he did not have the required permit and that he and his family had no further issues with the government.

In sum, because Yang failed to demonstrate that his actions "transcend[ed] mere self-protection," extended beyond a single protest, or that the government perceived him to be a political opponent, the agency reasonably concluded that he

5

failed to establish a nexus to a protected ground as required for asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *Castro*, 597 F.3d at 100–01; *Koudriachova*, 490 F.3d at 263. Yang's CAT claim is not before us as he failed to exhaust it before the BIA. *See Karaj v. Gonzales*, 462 F.3d 113, 119–21 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court